[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15625
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00007-WTM-GRS-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACK LEE BROWN,
a.k.a. Smooth,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 17, 2014)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Jack Brown appeals his 112-month sentence, imposed within the advisory

guideline range, after pleading guilty to one count of conspiracy to possess with

intent to distribute cocaine, crack cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846.   On appeal, Brown argues that the district court erred in denying his request for an adjustment pursuant to U.S.S.G. § 3B1.2(b) for his role as a minor participant in the offense.   After careful review, we affirm.

We review for clear error the district court's determination of a defendant's role in the offense.  United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).   Under the Sentencing Guidelines, a defendant may receive a two-level reduction for being a "minor participant" in any criminal activity. U.S.S.G. § 3B1.2(b).  A defendant is eligible for this reduction when he establishes by a preponderance of the evidence that he is less culpable than most other participants, but his role could not be described as minimal.  See id. § 3B1.2, comment. (n.5); De Varon, 175 F.3d at 939.

To determine if a defendant is entitled to a minor role adjustment, the district court first must evaluate the defendant's role in the offense on the basis of all relevant conduct within the scope of U.S.S.G. § 1B1.3.  De Varon, 175 F.3d at 940.  In drug-related cases, the amount of drugs is a material consideration, and may be the best indication of the magnitude of the defendant's role in the relevant offense conduct.  Id. at 943.  After evaluating the defendant's role in the offense, the district court may measure the defendant's culpability in comparison to that of other participants.  Id. at 944.  The fact that a defendant's role may be less than that

of other participants engaged in the relevant conduct may not be dispositive of his role in the offense, since it is possible that none are minor or minimal participants. Id.  As long as the record supports the district court's decision and clearly resolves any disputed factual issues, the court need not make any specific findings other than its ultimate determination of the defendant's role in the offense.  Id. at 939-40.

Here, Brown argues that he was a minor participant because his only role was to relay messages for a drug deal that was organized by another individual. While Brown may not have handled the drugs or the purchase money, the record reveals that he took active steps to arrange a meeting between the relevant parties. He also attended the meeting.  Moreover, the transaction included 23 kilograms of drugs purchased for the sum of $759,000.  Based on the amount and value of drugs, and his actions in bringing the two sides together, it was not clearly erroneous for the district court to conclude that Brown was not a minor participant.

**AFFIRMED.**